IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ORIGINAL FILED

APR 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NICOLE CHAPMAN, )
3709 Baskerville Drive )
Mitchellville, Maryland 20721 )
)
    **Plaintiff,** )
) CASE NO._____
v. )
) Jury Trial Demanded
LEVY PREMIUM FOODSERVICE )
LIMITED PARTNERSHIP, )
980 N. Michigan Avenue )
Chicago, Illinois 60611 ) CASE NUMBER 1:06CV00728
)
d/b/a ) JUDGE: James Robertson
)
) DECK TYPE: Employment Discrimination
"LEVY RESTAURANTS" )
) DATE STAMP: 04/21/2006
    **Defendant.** )
_____)

## COMPLAINT

Plaintiff, Nicole Chapman, by and through her attorneys, alleges for her Complaint as follows:

**I.   INTRODUCTION**

1.    Plaintiff asserts this action against Levy Premium Foodservice Limited Partnership ("Levy Restaurants" or "Defendant") for legal relief to redress employment discrimination on the basis of race and gender as well as retaliation in response to her protected activities. The suit is brought to secure the protection of, and to redress the deprivation of rights secured by, the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended, and Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. §2000e, *et seq.*, as amended.

## II.     JURISDICTION AND VENUE

2.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), 1367, 2201, and 2202, 42 U.S.C. § 1981, the Civil Rights Act of 1866, (hereinafter "§ 1981"), Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. §2000e, *et seq.*, (hereinafter "Title VII").

3.     Venue is proper in the District of Columbia because the Defendant conducts business in the District of Columbia; determined and implemented, in the District of Columbia, the policies, practices, and procedures which have affected the Plaintiff; engaged in and/or ratified, in the District of Columbia, the illegal conduct which has adversely affected the Plaintiff; and engaged in corporate activities, such as the discriminatory application of employment policies, practices, and procedures, which were carried out in the District of Columbia.

## III.    PARTIES

### A.    PLAINTIFF

4.     **Plaintiff Nicole Chapman** is an African-American female resident of Maryland and worked for Defendant in its District of Columbia location as an employee from approximately November 1997 until approximately June 2004.

### B.    DEFENDANT

5.     **Defendant Levy Premium Foodservice Partnership Limited** is a corporation doing business in the District of Columbia. Levy Restaurants employs approximately 15,000 employees nationwide.

2

6. Levy Restaurants provides food, beverage, and concession services to sports venues, convention centers, and other businesses and industries throughout the United States.

7. Levy Restaurants had a contract with the MCI Center in the District of Columbia to provide such food, beverage, and concession services during the course of Plaintiff's employment.

8. From its corporate offices in Chicago, Illinois, the company maintained actual and/or constructive control over all of its operations at its various business divisions including the employment policies, practices, and procedures to be utilized and adhered to at all of its facilities, including its MCI Center location in Washington, DC.

9. All of the acts set forth in this Complaint were authorized, ordered, implemented, and/or ratified by Levy Restaurants' officers, agents, employees, and/or representatives while actively engaged in the management of Defendant's business.

## IV.  CONDITIONS PRECEDENT TO SUIT UNDER TITLE VII

10. The Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Specifically, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and has filed suit within 90 days of receiving her right-to-sue letter from the EEOC. Plaintiff's claims under Section 1981 do not require administrative exhaustion.

## V.  STATEMENT OF FACTS

**A.  Plaintiff Chapman was subjected to employment discrimination based upon her race and/or gender as well as retaliation for engaging in protected conduct.**

11. Defendant discriminated against Chapman based on her race and/or gender through unequal selection and compensation policies, practices, and/or procedures. The

discrimination included disparate treatment as well as practices that resulted in a disparate impact upon Plaintiff. Further, Chapman was subjected to retaliation based on her protected conduct in voicing opposition to, and participating in activities against, Defendant's discriminatory actions.

12. Chapman worked for Levy Restaurants from 1997 through 2004 in various positions.

13. In approximately 2002, Chapman worked as a Senior Suites Manager.

14. Chapman was qualified for her job as a Senior Suites Manager and performed her job duties in a satisfactory manner throughout her employment with Defendant.

15. A Caucasian male employee, John Craig, similarly situated to Chapman was also employed as a Senior Suites Manager in 2002. Chapman and Craig held the same positions, performed similar job functions, and had similar responsibilities. Chapman was directed to, and did, train Craig when he attained his new position as Senior Suites Manager.

16. Craig received higher pay than Chapman in the position of Senior Suites Manager.

17. In approximately December 2002, Craig was named Suites Acting General Manager.

18. Chapman was interested in and qualified for this position. Chapman was not informed that this position was available and, thus, did not have an opportunity to apply for it.

19. Levy Restaurants simply tapped Craig to fill the position without going through any formal selection procedure.

20. Chapman was at least as qualified for the position as Craig based on, among other things, Chapman's job performance, experience, and seniority with the company.

4

21. Craig was subsequently selected for the position of Suites General Manager in approximately January 2003. Director of Operations, Larry Goldman, a Caucasian male, made the decision to promote Craig to this permanent position.

22. Chapman was interested in and qualified for the Suites General Manager position.

23. The General Manager position was not posted. Chapman was unable to apply for the position. Levy Restaurants used no formal selection process and simply tapped Craig to fill the position.

24. In approximately January 2004, Chapman applied, and was interviewed, for a General Manager position.

25. Chapman was required to take certain tests as part of the selection process. These tests were not reasonably related to the General Manager position and, to the extent any such test results were relied upon by Defendant in the selection process, these tests had a disparate impact on Plaintiff due to her race and/or gender.

26. After months of waiting for notification from Defendant regarding the General Manager position, Chapman was informed, in approximately April 2004, that the position would not be filled.

27. Defendant continued to seek applicants for the General Manager position. The position was eventually filled after Chapman's employment with Levy Restaurants ended in approximately June 2004.

28. In approximately May 2003, Plaintiff filed a charge of discrimination with the D.C. Office of Human Rights, which was cross-filed with the EEOC. Chapman was subsequently subjected to adverse employment actions including, but not limited to, non-

selection to the General Manager position and unfair performance evaluations, in retaliation for her protected conduct.

## VI. CAUSES OF ACTION

### COUNT ONE
(Claims for race discrimination under 42 U.S.C. § 1981, the Civil Rights Act of 1866, (§ 1981))

29. The Plaintiff restates and re-alleges paragraphs 1 through 28 as though set forth here in full.

30. Defendant has discriminated against the Plaintiff through disparate treatment and by denying her the same rights as are enjoyed by white citizens in the making, performance, and modification of her employment relationship with Defendant and to the enjoyment of all benefits, privileges, terms, and conditions of that relationship, in violation of § 1981.

31. Defendant's conduct has been intentional, deliberate, willful, and conducted in callous disregard of the rights of the Plaintiff.

32. By reason of Defendant's discrimination, the Plaintiff has suffered harm and is entitled to all legal and equitable remedies available under §1981, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages.

### COUNT TWO
(Claims for retaliation under 42 U.S.C. § 1981, the Civil Rights Act of 1866, (§ 1981))

33. Plaintiff restates and re-alleges paragraphs 1 through 28 as though set forth here in full.

34. The Defendant has retaliated against Plaintiff for her statutorily protected opposition to and/or participation against Defendant's discriminatory conduct in violation of § 1981.

35. The Defendant's conduct has been intentional, deliberate, willful, and conducted in callous disregard of the rights of Plaintiff.

36. The Defendant's retaliation resulted in adverse employment actions against Plaintiff. A causal link exists between Plaintiff's opposition to and/or participation against Defendant's discriminatory conduct and the adverse employment action.

37. By reason of the Defendant's discrimination, Plaintiff has suffered harm and is entitled to all legal and equitable remedies available under Section 1981, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages.

## COUNT THREE

### (Claims for race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Title VII))

38. The Plaintiff restates and re-alleges paragraphs 1 through 28 as though set forth here in full.

39. The Defendant has discriminated against the Plaintiff with respect to terms and conditions of her employment, including but not limited to, compensation and selection decisions, because of her color and/or race in violation of Title VII.

40. The Defendant's conduct has been intentional, deliberate, willful, and conducted in callous disregard of the rights of the Plaintiff.

41. The Defendant's policies and practices have resulted in the disparate treatment of the Plaintiff.

42. Defendant's policies, procedures and/or practices, including its selection and compensation procedures, have also had a disparate impact on the Plaintiff. Such procedures are not valid, job-related, or justified by business necessity. There are practices and procedures available to Defendant which would have less disparate impact on the Plaintiff and persons of the Plaintiff's race and color and that have equal or greater validity and job relatedness, but Defendant has refused to consider or to use such procedures.

43. By reason of the Defendant's discrimination, the Plaintiff has suffered harm and is entitled to all legal and equitable remedies available under Title VII, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages.

## COUNT FOUR
**(Claims for gender discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Title VII))**

44. The Plaintiff restates and re-alleges paragraphs 1 through 28 as though set forth here in full.

45. The Defendant has discriminated against the Plaintiff with respect to terms and conditions of her employment, including but not limited to, compensation and selection decisions, because of her gender, female, in violation of Title VII.

46. The Defendant's conduct has been intentional, deliberate, willful, and conducted in callous disregard of the rights of the Plaintiff.

47.  The Defendant's policies and practices have resulted in the disparate treatment of the Plaintiff.

48.  Defendant's policies, procedures and/or practices, including its selection and compensation procedures, have also had a disparate impact on the Plaintiff. Such procedures are not valid, job-related, or justified by business necessity. There are practices and procedures available to Defendant which would have less disparate impact on the Plaintiff persons of the Plaintiff's gender and that have equal or greater validity and job relatedness, but Defendant has refused to consider or to use such procedures.

49.  By reason of the Defendant's discrimination, the Plaintiff has suffered harm and is entitled to all legal and equitable remedies available under Title VII, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages.

### COUNT FIVE
### (Claims for retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Title VII))

50.  Plaintiff restates and re-alleges paragraphs 1 through 28 as though set forth here in full.

51.  The Defendant has retaliated against Plaintiff for her statutorily protected opposition to and/or participation against Defendant's discriminatory conduct in violation of Title VII.

52.  The Defendant's conduct has been intentional, deliberate, willful, and conducted in callous disregard of the rights of Plaintiff.

53.  The Defendant's retaliation resulted in adverse employment actions against

Plaintiff. A causal link exists between Plaintiff's opposition to Defendant's discriminatory conduct and the adverse employment action.

54. By reason of the Defendant's discrimination, Plaintiff has suffered harm and is entitled to all legal and equitable remedies available under Title VII, including, but not limited to, back pay, front pay, reinstatement, restoration of benefits and seniority, and compensatory and punitive damages.

## VII. PRAYER FOR RELIEF

55. **Wherefore**, the Plaintiff requests the following relief:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of the Defendant violates the rights of the Plaintiff as secured by § 1981 and/or Title VII;

B. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, and employees from continuing to violate § 1981 and/or Title VII;

C. An award of back pay, front pay, reinstatement, and restoration of benefits and seniority;

D. Any other appropriate equitable relief to the Plaintiff;

E. An award of nominal, compensatory, and punitive damages to Plaintiff in an amount to be determined at trial;

F. An award of litigation costs and expenses, including reasonable attorneys' fees, to the Plaintiff;

G. Pre-judgment interest; and

H.  Such other and further relief as the Court may deem just and proper.

## VIII. JURY TRIAL DEMAND

56. The Plaintiff demands trial by jury of all issues triable of right to a jury.

Respectfully submitted this 21st day of April, 2006.

Timothy B. Fleming (D.C. Bar No. 351114)
Eric K. Bachman (D.C. Bar No. 481993)
**WIGGINS, CHILDS, QUINN & PANTAZIS, PLLC**
7 Dupont Circle, N.W.
Suite 200
Washington, D.C. 20036
202-467-4123
202-467-4489 (facsimile)
tfleming@wcqp.com
ebachman@wcqp.com

*Attorneys for Plaintiffs*