UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NICOLE CHAPMAN,**<br><br>**Plaintiff,**<br><br>v.<br><br>**LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP,**<br><br>**Defendant.** | Case No. 1:06-CV-00728<br>Judge:  James Robertson |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Levy Premium Foodservice Limited Partnership ("Defendant"), by counsel, hereby submits its Answer and Affirmative Defenses in response to Plaintiff Nicole Chapman's Complaint.

Answering the Complaint by correspondingly numbered paragraphs, Defendant states as follows:

### I.     INTRODUCTION

1.     Defendant admits that Ms. Chapman purports to bring a Complaint against Levy Premium Foodservice, L.P.  Defendant admits that Ms. Chapman "asserts this action . . . for legal relief to redress employment discrimination on the basis of race and gender as well as retaliation in response to her protected activities," but denies that Defendant committed any acts of discrimination or retaliation.  Defendant admits that Plaintiff brings this lawsuit under the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended, and Title VII of the Civil Rights Act of 1964, codified as 42 U.S.C. §2000e, *et seq.,* as amended, but denies that Ms. Chapman has been

deprived of any rights in violation of these laws or that she has been the subject of unlawful discrimination or retaliation based on her employment with Levy.

## II.    JURISDICTION AND VENUE

2. The allegations concerning jurisdiction constitute a legal conclusion to which no response is required, but to the extent a response is required, Defendant admits that 28 U.S.C. §§1331, 1343(a)(4), and 1367(a) give this Court jurisdiction over claims brought under Title VII and Section 1981, but deny that jurisdiction exists in this particular case.

3. The allegations concerning venue constitute a legal conclusion to which no response is required, but to the extent a response is required, Defendant denies that venue is appropriate in this particular case since no actionable claims arose here.

## III.    PARTIES

### A.    PLAINTIFF

4. Defendant admits that Plaintiff is an African-American female. Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's place of residence, and therefore denies the allegation. Defendant admits that Plaintiff worked at its District of Columbia location, and avers that Plaintiff worked for Defendant from on or about November 17, 1997 until she voluntarily resigned her employment on May 27, 2004.

### B.    DEFENDANT

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

## IV. CONDITIONS PRECEDENT TO SUIT UNDER TITLE VII

10. Defendant denies the allegations contained in the first sentence of paragraph 10 of the Complaint. Defendant admits the remaining allegations contained in paragraph 10 of the Complaint.

## V. STATEMENT OF FACTS

A. Defendant denies the allegations contained in Count V, paragraph A of Complaint, and avers that Plaintiff was not discriminated against in any fashion or retaliated against for engaging in protected conduct.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint, and avers that Plaintiff was not discriminated against in any fashion or retaliated against for engaging in protected conduct.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint, and avers that Plaintiff worked for Defendant from on or about November 17, 1997 until she voluntarily resigned on May 27, 2004. Defendant avers that Plaintiff received numerous promotions during her tenure, and that Plaintiff was hired for the position of Suite Attendant, and was promoted to Suite Supervisor in 2000, and Suites Manager in 2001.

13. Defendant admits that Plaintiff was promoted to Senior Suites Manager in 2002.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies that Plaintiff and John Craig were similarly situated, but admits that Mr. Craig, a Caucasian male employee, and Plaintiff held, for a time, the same position, Senior Suites Manager, and had some similar responsibilities. Defendant is without knowledge or information sufficient to form a belief as to the truth of the third sentence of paragraph 15 of the Complaint, and therefore denies the allegation. Defendant denies the remaining allegations

contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in paragraph 17 of the Complaint, and avers that Mr. Craig was promoted to Suites Acting General Manager for legitimate business reasons, including his work performance and previous managerial experience.

18. Defendant denies that Plaintiff was qualified for the Suites Acting General Manager position that Mr. Craig attained, and is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 18 of the Complaint, and therefore denies them. Defendant avers that Mr. Craig was selected for the Acting Suites General Manager position based on legitimate business reasons including his work experience, strong background in operations, and previous managerial skills.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies that Plaintiff was qualified for the Suites General Manager position that Mr. Craig attained, and is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 22 of the Complaint, and therefore denies them.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of the first two sentences in paragraph 23 of the Complaint, and therefore denies them. Defendant denies the third sentence in paragraph 23 of the Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and therefore denies

them.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 25 of the Complaint, and therefore denies them. Defendant denies the remaining allegations contained in paragraph 25 of the Complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and therefore denies them.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and therefore denies them.

28. Defendant admits the allegations in the first sentence of paragraph 28 of the Complaint. Defendant denies the allegations contained in the second sentence of paragraph 28 of the Complaint, and avers that Plaintiff was not retaliated against in any manner for her protected conduct.

## VI.  CAUSES OF ACTION

### COUNT ONE

**(Claims for race discrimination under 42 U.S.C. § 1981, the Civil Rights Act of 1866, (§ 1981))**

29. Defendant incorporates by reference the responses to paragraphs 1 through 28, as if fully restated herein.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint, and avers that Defendant did not discriminate against Plaintiff in any manner whatsoever.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

## COUNT TWO

**(Claims for retaliation under 42 U.S.C. § 1981, the Civil Rights Act of 1866, (§ 1981))**

33. Defendant incorporates by reference the responses to paragraphs 1 through 32, as if fully restated herein.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint, and avers that Plaintiff was not subjected to retaliation.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

## COUNT THREE

**(Claims for race discrimination under Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Title VII))**

38. Defendant incorporates by reference the responses to paragraphs 1 through 37, as if fully restated herein.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint, and avers that Defendant did not discriminate against Plaintiff in any manner whatsoever.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

## COUNT FOUR

**(Claims for gender discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. (Title VII))**

44. Defendant incorporates by reference the responses to paragraphs 1 through 43, as if fully restated herein.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint, and avers that Defendant did not discriminate against Plaintiff in any manner whatsoever.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

## COUNT FIVE

### (Claims for retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. (Title VII))

50. Defendant incorporates by reference the responses to paragraphs 1 through 49, as if fully restated herein.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint, and avers that Plaintiff was not subjected to retaliation.

52. Defendant denies the allegations contained in paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

### VII.   PRAYER FOR RELIEF

55. Defendant denies that Plaintiff is entitled to the relief set forth in the prayer for relief or any relief whatsoever.

Defendant denies each and every allegation set forth in the Complaint not specifically admitted herein.

### VIII.   JURY TRIAL DEMAND

Defendant admits that Plaintiff requests a jury trial, but denies that Plaintiff is entitled to a jury trial of her claims.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which this Court may grant relief.

### SECOND DEFENSE

Insofar as Plaintiff seeks to recover relief for (a) alleged incidents occurring prior to the applicable limitations period for the filing of an administrative charge of discrimination; and (b) for alleged incidents of discrimination not listed in any charge, Plaintiff's claims are barred.

### THIRD DEFENSE

To the extent Plaintiff has failed to exhaust administrative, statutory, or contractual remedies, her respective claims for relief are barred.

### FOURTH DEFENSE

To the extent that Plaintiff has failed to institute this action within the time required under the applicable statute of limitations, her respective claims for relief are barred.

### FIFTH DEFENSE

The decisions about which Plaintiff complains were based on reasonable factors and legitimate business reasons, and not discriminatory animus.

### SIXTH DEFENSE

All actions taken by Defendant with respect to Plaintiff were lawful, proper, reasonable and appropriate.

**SEVENTH DEFENSE**

Even assuming, *arguendo,* that any employee of the Defendant engaged in any unlawful conduct toward Plaintiff which Defendant denies, such misconduct was contrary to Defendant's express policies and beyond the scope of the individual's employment cannot be attributed to Defendant, and Defendant cannot be held liable for any such misconduct.

**EIGHTH DEFENSE**

Plaintiff's claims are barred on the grounds that even if any decision concerning Plaintiff was based, in part, or discriminatory or retaliatory grounds, Defendant would have reached the same decision absent any alleged discrimination and/or retaliation.

**NINTH DEFENSE**

To the extent applicable, Plaintiff's claims may be barred by the equitable doctrines of unclean hands, waiver, laches, and estoppel.

**TENTH DEFENSE**

To the extent applicable, Plaintiff's claims for damages may be barred and/or limited by the after-acquired evidence doctrine.

**ELEVENTH DEFENSE**

Plaintiff's damages are limited by the statutory cap imposed by 42 U.S.C. §1981a(b), to the extent it is applicable.

**TWELFTH DEFENSE**

Plaintiff has not suffered any legally cognizable damages.

**THIRTEENTH DEFENSE**

Plaintiff's voluntary resignation limits her alleged damages.

### FOURTEENTH DEFENSE

To the extent Plaintiff failed to reasonably mitigate her alleged damages, Plaintiff's claims for damages are barred, in whole or in part.

### FIFTEENTH DEFENSE

Defendant is not liable for punitive damages because it did not commit any knowing, wanton, intentional or malicious acts against Plaintiff, nor did it authorize or ratify such acts by any of its employees, managing agents, officers, or directors.

### SIXTEENTH DEFENSE

Defendant is not liable for punitive damages because the alleged misconduct would be contrary to Defendant's good faith efforts to comply with Title VII and other relevant laws.

### SEVENTEENTH DEFENSE

Because discovery has not been completed at this stage of the case, Defendant reserves the right to assert additional defenses, as appropriate.

Dated:  August 23, 2006                                    Respectfully Submitted,

/s/
Paul J. Kennedy (Bar No. 428623)
LITTLER MENDELSON, P.C.
1150 17th Street N.W.
Suite 900
Washington, DC  20036
202.842.3400
202.842.0011 (fax)

Counsel for Defendant Levy Premium Foodservice, L.P.

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August, 2006, I electronically filed the foregoing Defendant's Answer and Affirmative Defenses in response to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Timothy B. Fleming, Esq.
>Eric K. Bachman, Esq.
>Wiggins, Childs, Quinn & Pantazis, PLLC
>7 Dupont Circle, N.W.
>Suite 200
>Washington, D.C. 20036
>
>
>Counsel for Plaintiff Nicole Chapman

/s/
Paul J. Kennedy

Firmwide:81380221.1 047948.1002