**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NICOLE CHAPMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LEVY PREMIUM FOODSERVICE | )    CASE NO. 1:06cv728 (JR) |
| LIMITED PARTNERSHIP, | ) |
| | ) |
| d/b/a | ) |
| | ) |
| "LEVY RESTAURANTS," | ) |
| | ) |
|     Defendant. | ) |

**PARTIES' JOINT REPORT TO THE COURT
PURSUANT TO RULE 26(f), FED. R. CIV. P., AND LOCAL RULE 16.3**

By their attorneys, Plaintiff Nicole Chapman, and Defendant, Levy Premium Foodservice Limited Partnership, file this Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3(d). On October 17 and 19, 2006, the Plaintiff and Defendant, by their respective counsel, conferred to discuss the matters indicated in Rule 26(f) and Local Rule 16.3, and agreed upon the following (numbers below correspond to the item numbers set forth in Local Rule 16.3):

    1.    Plaintiff believes that it is premature to determine whether this case may be decided by a dispositive motion. Defendant expects that this case can be disposed of by summary judgment motion. Both parties agree that discovery is necessary before a dispositive motion can be contemplated.

2. Absent good cause, no motions to join other parties or to amend the pleadings shall be filed after January 19, 2007.

3. The parties agree the case should not be assigned to a Magistrate Judge.

4. The parties are willing to discuss settlement at any time.

5. The parties believe the case may benefit from alternative dispute resolution procedures.

6. Both parties agree that some of the issues may be narrowed after discovery has been conducted. The parties agree that dispositive motions, if any, must be filed by within 30 days of the May 4, 2007 discovery deadline. Any opposition thereto shall be filed within 30 days thereafter, and any reply briefs must be filed within 14 days after the opposition is served.

7. The parties agree to serve initial disclosures required by Fed. R. Civ. P. 26(a)(1) no later than November 10, 2006.

8. The parties agree that the length of discovery in the case, and the limits that should be placed on it, are as follows:

   a. All discovery shall be completed by May 4, 2007.

   b. The parties agree that interrogatories, requests for production of documents, and requests for admissions shall be limited to 25 per side, including sub-parts. Written discovery may be served as of November 10, 2006. The parties also agree that depositions shall be limited to 10 per side.

   c. If either party, or both, believes a protective order is appropriate, they shall submit a motion for a protective order and/or a joint proposed protective order to the Court.

9. The parties agree that the following schedule shall apply to discovery related to

expert witnesses:

      a.    In accordance with Fed. R. Civ. P. 26(a)(2)(A)(1), Plaintiff shall identify expert(s) no later than January 19, 2007;

      b.    In accordance with Fed. R. Civ. P. 26(a)(2)(A)(1), Defendant shall identify expert(s) no later than February 9, 2007;

      c.    In accordance with Fed. R. Civ. P. 26(a)(2)(A)(1), Plaintiff shall identify any rebuttal expert(s) no later than February 23, 2007;

      d.    In accordance with Fed. R. Civ. P. 26(a)(2)(B), Plaintiff shall produce expert report(s) no later than February 16, 2006;

      e.    In accordance with Fed. R. Civ. P. 26(a)(2)(B), Defendant shall produce expert report(s) no later than March 16, 2006;

      f.    In accordance with Fed. R. Civ. P. 26(a)(2)(B), Plaintiff shall produce any rebuttal expert report(s) no later than April 16, 2006; and

      g.    Depositions of all expert witnesses shall be completed by May 4, 2007.

10.    Not applicable to the parties.

11.    The parties agree that neither the trial nor the discovery phase should be bifurcated.

12.    The parties propose that the pretrial conference be scheduled for September 28, 2007, or an alternative date which is convenient for the Court.

13.    The parties propose that the trial date be set for November 12, 2007 or at such other time that is available for the Court.

Dated:  October 23, 2006

Respectfully Submitted,


| | |
|---|---|
| /s   Eric K. Bachman | /s     Paul J. Kennedy            . |
| Timothy B. Fleming (D.C. Bar No. 351114) | Paul J. Kennedy (D.C. Bar. No. 428623) |
| Eric K. Bachman (D.C. Bar No. 481993) | **Littler Mendelson** |
| **Wiggins, Childs Quinn & Pantazis PLLC** | 1150 17th Street, N.W., Suite 900 |
| 7 Dupont Circle, N.W., Suite 200 | Washington D.C. 20036 |
| Washington, D.C. 20036 | 202-842-3400 |
| 202-467-4123 | 202-842-0011 (facsimile) |
| 202-467-4489 (facsimile) | pkennedy@littler.com |
| tfleming@wcqp.com | |
| ebachman@wcqp.com | |
| | |
| *Attorneys for Plaintiff* | *Attorney for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of October, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

|  |  |
|---|---|
| By: | /s/ Eric K. Bachman       . |
|  | *Attorney for Plaintiff* |